**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:99cr-00099-01

HAROLD EDWARD KELLY,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

        Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to a Standing Order entered on February 6, 2008, this case was designated for Standard consideration.

        The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Defendant acknowledges his failure to complete the drug treatment program at Bannum Place was a one-time mistake, that he has been punished for it by forfeiting his sentence reduction, and that he has learned from the mistake. He further submits that while his behavior in prison had been substandard, his marriage in May of 2004 has been a positive influence on him. The addendum to the PSI, which contains his post-offense conduct report, demonstrates this improvement in his behavior. Defendant also indicates that he consents to a 90-day placement in Transitions, a halfway house in Ashland, Kentucky, upon his release. Defendant contends that conditions at Bannum House are not conducive to successful completion of the program and that individuals who are placed at Transitions are far more successful. From Transitions, he plans to relocate to Detroit to be with his wife and work at a local barber shop. Based on the foregoing, the Court **FINDS** that Defendant is entitled to the full benefit of the reduction.

On March 5, 2008, the Court entered a Memorandum Opinion and Order [Docket 68] directing Defendant to file a written waiver "agree[ing] to waive a hearing on the modification of the terms of his supervised release placing him in the drug treatment program at Transitions for 90 days following his release from federal custody." (Docket 68 at 2.) The Court received that waiver and, on April 1, 2008, entered an Order [Docket 70] modifying the conditions of Defendant's supervised release and directing that he be placed at Transitions on his date of release from federal custody. The Court has been informed by the United States Probation Office that a spot at Transitions will be available for Defendant's enrollment on April 14, 2008. Thus, based on the foregoing considerations, the Motion [Docket 57] is **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by 2 levels, resulting in a new total offense level of 28. It is further **ORDERED** that, effective **April 14, 2008**, Defendant's previous sentence be reduced

to a period of 97 months, with credit for time served. Pursuant to the Order [Docket 70] entered April 1, 2008, upon release from custody, Defendant is **DIRECTED** to report to Transitions in Ashland, Kentucky, where he will reside for ninety days as a condition of his supervised release. This Order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(C).

      The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

      ENTER:    April 10, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE